C O P Y                                   C O P Y

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

Austin

February 20, 1939

Mr. Joe P. Hatchett
District Attorney
Cameron County
Brownsville, Texas

Dear Mr. Hatchett:

> Opinion No. 0-350
> Re: The right of a party litigant,
> in counties where the jury wheel law
> is applicable, to have jurors drawn
> from the jury wheel

We acknowledge receipt of your letter of February 13, 1939, in which you request our opinion on the question "whether or not in the trial of cases in the 103rd Judicial District Court of Cameron County, Texas, a party litigant, on demand therefor, is entitled to have all the jurors, under all circumstances, drawn from the jury wheel".

In explanation of your question, your letter states that Cameron County is now, and for the past several years has been operating under the jury wheel law, being Articles 2094 through 2100, Revised Civil Statutes, 1925, as amended, said county having a population in excess of 58,000 and having a city containing a population in excess of 20,000, as shown by the preceding Federal census. You further state that there are two district courts in Cameron County, the 103rd Judicial District Court and the Criminal District Court.

We have carefully studied the cases cited in your letter and other authorities pertaining to the subject of your request. After such study, our opinion is that as to counties coming within the jury wheel law, your question should be answered as follows:

(1) In selecting the regular jury for the week, in either civil or criminal cases, and in selecting special venires in capital cases, a party litigant is entitled on demand to have all of the jurors drawn from the jury wheel.

(2) When the regular jury for the week or the special venire does not furnish a sufficient number of jurors, a party litigant is not entitled to have the necessary additional jurors drawn from the jury wheel, and the statutory method of obtaining such necessary additional jurors is for the court to order the sheriff to summon talesmen.

The method of selecting jurors from the jury wheels is set out in Articles 2094 through 2100, Revised Civil Statutes, 1925, as amended. This method of selecting the regular jurors, in the absence of agreement or waiver by the parties, is the only proper way to select in advance jurors for the week for either civil or non-capital criminal cases, in counties where the jury wheel law applies. See Northern Texas Traction Company v. Bryan, 116 Tex. 479, 294 S.W. 527 (Commission of Appeals, 1927), answers conformed to, 299 S. W. 325 (Civ. App. 1927). For example, in a county where the jury wheel law applies, it has been held to be error for the court to compel a defendant, in a non-capital criminal case, to to to trial before a jury selected by jury commissioners. Click v. State, 119 Tex. Cr. 118, 44 S.W. (2) 992 (1931); Ervin v. State, 119 Tex. Cr. 204, 44 S.W. (2) 380 (1931); Ingram v. State, 120 Tex. Cr. 8, 47 S.W. (2) 285 (1932).

In capital cases, Article 591 of the Code of Criminal Procedure, 1925, as amended, specifically provides that the special venire shall be drawn from the jury wheel, in counties coming within the jury wheel law.

A different question, however, is presented in the situation where the regular jury for the week or the special venire, although properly drawn from the wheel, does not for any reason supply a sufficient number of jurors. We understand, from the last paragraph of your letter, that you are especially interested in the question as to whether "it is the duty of the court to require that as and when additional jurors are needed they must be drawn from the wheel from time to time, if necessary, as in the first instance." Our opinion is that in this situation, the court is not required to order that additional jurors be drawn from the wheel, but that the deficiency in the number of the jurors should be supplied by ordering the sheriff to summon talesmen.

Article 2118, Revised Civil Statutes, 1925, provides that if there be an insufficient number of jurors included in the jury list for the week in attendance on the court, "the court shall direct the sheriff to summon a sufficient number of qualified men to make up the requisite number of jurors."

Article 2141, Revised Civil Statutes, 1925, provides that when there are not as many as twelve names drawn from the box, if in the district court, "the court shall direct the sheriff to summon such number of qualified persons as the court deems necessary to complete the panel."

Article 2146, Revised Civil Statutes, 1925, provides that, "if challenges reduce the number of jurors to less than will constitute a legal jury, the court shall order other jurors to be drawn or summoned and their names written upon the list instead of those set aside for cause."

Mr. Joe P. Hatchell, February 20, 1939, Page 3

Article 2150, Revised Civil Statutes, 1925, provides that "when by peremptory challenges the jury is left incomplete, the court shall direct other jurors to be drawn or summoned to complete the jury; and such other jurors shall be impaneled as in the first instance."

The foregoing Articles of the Revised Civil Statutes have their counterparts in the Code of Criminal Procedure in the statutes relating to trial by jury in non-capital cases. Article 640 of the Code of Criminal Procedure, 1925, provides that, "when, from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient, and from those summoned, a jury shall be formed." It will be noted that these provisions are very similar to the provisions of Article 2118, Revised Civil Statutes, 1925. Articles 629, 631 and 638 of the Code of Criminal Procedure, 1925, are identical in their provisions, respectively, with Articles 2141, 2146 and 2150 of the Revised Civil Statutes, 1925.

In civil cases, it has been held that a party litigant has no right to have necessary additional jurors drawn from the jury wheel, when there are not sufficient jurors on the regular weekly jury to complete the panel. Houston Electric Co. v. Seegar. 117 S. W. 900 (Civ. App., 1909), writ denied. In the case cited, the regular weekly jury selected from the jury wheel was insufficient in number, and the court ordered the sheriff to summon talesmen. The defendant raised the objection that it was the intention of the Legislature in passing the jury wheel law to do away with the statutory provisions as to talesmen. The Court of Civil Appeals rejects this contention. The Court points out that under Section 4 of the jury wheel law (now Article 2096, Revised Civil Statutes, 1925, the drawing of the names of jurors from the jury wheel shall take place not less than ten days prior to the first day of the term of court at which they are to serve, and the court concludes that this is the only time provided by law for the opening of the wheel and the drawing of the names of jurymen therefrom.

The case of Houston Electric Co. v. Seegar, supra, was followed in G. H. & S. A. Ry. Co. v. Miller, 191 S.W. 374 (Civ. App., 1917) writ refused. In the latter case, the Court points out that, "The statute for selecting jurors for the week is the same for the trial of civil and criminal cases." In view of the substantial identity of the civil and criminal statutes, we are of the opinion that the same rule for obtaining necessary additional jurors would be applied in non-capital criminal cases as in civil cases, i.e., that they should be summoned as talesmen by the sheriff.

Article 596 of the Code of Criminal Procedure, 1925, provides that in capital cases, "on failure from any cause to select a jury from those summoned upon the special venire, the court shall order the sheriff to summon any number of men that it may deem advisable, for the formation of the jury." Under this statute, the Court of Criminal Appeals has held directly that after the special venire is exhausted, the defendant has no right to have additional veniremen drawn from the wheel and that the court should order talesmen to be summoned by the sheriff. Russell v. State, 84 Tex. Cr. 245, 209 S. W. 671 (1918).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   JAMES P. HART (Signed)
James P. Hart
Assistant

JPH:BT

APPROVED:

GERALD C. MANN (Signed)
ATTORNEY GENERAL CF TEXAS